**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>MARTINES PALMEIRO<br>CONSTRUCTION, LLC,<br><br>Debtor. | Bankruptcy Case No. 25-12313 TBM<br>Chapter 11 |
| MARTINES PALMEIRO<br>CONSTRUCTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PLAZA FITZSIMONS OWNER, LLC,<br><br>Defendant. | Adv. Pro. No. 25-1334 TBM |

**ORDER DENYING MOTION TO RECONSIDER**

**Procedural Background**

Martines Palmeiro Construction, LLC (the "Debtor"), a construction company, filed for relief under Chapter 11 of the Bankruptcy Code on April 4, 2025, commencing *In re Martines Palmeiro Construction, LLC*, Bankruptcy Case No. 25-12313 TBM (the "Main Case"). By the time the Debtor filed for bankruptcy, it was winding down its operations as a result of being embroiled in a series of disputes with project counterparties, including disputes arising under a contract with Plaza Fitzsimons Owner, LLC ("Plaza"). As of the petition date, the Debtor listed an aggregate of $29,623,088 in assets, including approximately $17,389,265 in accounts receivable it alleged were owed to it by project owner contract counterparties. (*See* Main Case Docket No. 59 at 14-19.) The Debtor also listed liabilities of $21,324,870 owed to approximately 235 general unsecured creditors. (Main Case Docket No. 49 at 20-55.) Later, 92 general unsecured creditors filed claims aggregating $37,421,284. (*See* Main Case Claims Register.)

On November 21, 2025, Plaza filed Amended Proof of Claim No.16-2 (the "Plaza POC"), asserting a claim in the amount of $6,691,858.50 for damages arising

1

from breach of a contract between Plaza and the Debtor dated August 30th, 2021, titled "AIA Document A102-2017, Standard Form Agreement Between the Owner and Contractor" (the "Contract"[1]), including liquidated damages and damages arising from alleged trust fund violations.

On November 11, 2025, the Debtor filed the instant adversary proceeding against Plaza:  *Martines Palmeiro Construction, LLC v. Plaza Fitzsimons Owner, LLC (In re Martines Palmeiro Construction, LLC)*, Adv. Pro No. 25-1334 TBM (the "Adversary Proceeding").  Therein, the Debtor asserted three claims for turnover, purportedly pursuant to 11 U.S.C. § 542, effectively seeking damages under the Contract.  (Adversary Proceeding Docket No. 1.)

On May 8, 2026, in the Adversary Proceeding, Plaza filed "Defendant's Motion for Abstention" (Adversary Proceeding Docket No. 24, the "Motion for Abstention"). The Debtor filed a Response in opposition thereto (Adversary Proceeding Docket No. 25, the "Abstention Response") on May 22, 2026.  Plaza filed a related Reply (Adversary Proceeding Docket No. 26, the "Abstention Reply") on May 26, 2026.  The Court refers to the matters presented in the Abstention Motion, Abstention Response, and Abstention Reply as the "Abstention Issues."  Meanwhile, in the Main Bankruptcy Case, Plaza also filed a "Motion for Relief from Stay" (Main Case Docket No. 330, the "Stay Motion") on May 11, 2026  The Debtor filed a Limited Response in partial opposition thereto (Main Case Docket No. 353, the "Stay Response") on May 28, 2026.  The Court refers to the matters presented in the Stay Motion and Stay Response as the "Stay Issues."

On June 2, 2026, the Debtor and Plaza jointly filed a "Stipulated Motion Concerning Motion for Relief from Stay" (Main Case Docket No. 356, the "Stipulated Motion") wherein they stated, in part:

> 8.      The Motion for Relief from Stay, the Motion for Abstention, and the debtor's responses are intertwined and raise overlapping efficiency and forum-selection considerations. The parties believe that the record is fully developed through the parties' briefing and attached exhibits. Given the robust written submissions, the parties also believe that oral argument is unnecessary unless the Court would find it helpful.
>
> 9.      Considering both motions together on the papers will avoid duplicative hearings and the risk of inconsistent or piecemeal rulings on forum-selection and case-management issues, and will conserve judicial and party resources.

---

[1]      Copies of the Contract were submitted as Exhibit A to the Plaza POC and as Exhibit 1 to the Complaint.

10.     The Federal Rules of Bankruptcy Procedure and this Court's inherent docket-management authority permit the Court to determine motions on the papers where appropriate. The Parties respectfully submit that these motions are suitable for decision without further hearing, and that no party will be prejudiced by a ruling on the written submissions.

The Debtor and Plaza requested entry of an order:

(a)     vacating the currently scheduled preliminary hearing on Plaza's Motion for Relief from Stay;

(b)     providing that the Court will consider and rule on (i) Plaza's Motion for Relief from Stay in Case No. 25-12313-TBM and (ii) Plaza's Motion for Abstention in Adv. Proc.  No. 25-01334-TBM together based on the Parties' existing written filings and briefing, without further hearing unless the Court requests one;

(c)     In the alternative, setting a single combined hearing on both motions and vacating the existing preliminary hearing setting;

(d)     Granting such other and further relief as the Court deems just and proper.

On June 2, 2026, the Court issued an "Order Granting Stipulated Motion Concerning Motion for Relief from Stay and Notice of Oral Ruling" (Main Case Docket No. 357, the "Order Granting Stipulated Motion") in which it vacated the preliminary hearing on the Motion for Relief from Stay and set an oral ruling on the Stay Issues and the Abstention Issues

On June 5, 2026, the Court issued its oral ruling on the Abstention Issues and the Stay Issues (the "Oral Ruling") (Docket No. 359 and Transcript of Oral Ruling (Adversary Proceeding Docket No. 34) [hereinafter "Tr."]).  Per the request of the parties and the Court's Order Granting Stipulated Motion, the Court determined, based on the Stipulated Motion, that there was no contest as to the facts at issue, accepted all the uncontested facts set forth in the Stay Motion, all the exhibits attached to the Stay Motion, and the Contract as evidence, and issued findings of fact and conclusions of law.  (Tr. at 20:13-21:21 and generally).  Among other things, the Court found that the parties had "waived the opportunity to present any additional facts or any additional oral or written argument" with respect to the Stay Issues and the Abstention Issues.  (Tr. 21:2-4, 26:23-27:8).

On the basis of its factual findings, the Court granted the Stay Motion, allowing Plaza and the Debtor to pursue their claims, counterclaims, and defenses in the

3

Arapahoe County District Court, State of Colorado (the "State Court").  The Court also granted the Abstention Motion and abstained from adjudicating the Adversary Proceeding in favor of the Debtor and Plaza Fitzsimons prosecuting all claims and defenses and counterclaims between and among them and the Debtor's principals in a single forum: the State Court.  In connection with its ruling, the Court determined that the Debtor had knowingly waived its right to arbitration under the Contract through its conduct and actions.  (*See* Tr. and Docket No. 359.)

On June 22, 2026, the Debtor filed a "Motion to Partially Reconsider Order on Motion for Abstention" (Adversary Proceeding Docket No. 33, the "Motion to Reconsider").  Therein, the Debtor moves pursuant to Fed. R. Civ. P. 59 (made applicable to these proceedings by Fed. R. Bankr. P. 9023) or Fed. R. Civ. P. 60 (made applicable to these proceedings by Fed. R. Bankr. P. 9024) that the Court reconsider or, effectively, vacate the Oral Ruling to the extent that it requires the parties to proceed to litigate their claims against each other in State Court litigation and not in arbitration.  The Debtor asserts in the Motion to Reconsider that reconsideration is warranted because Plaza failed to advise the Court as to relevant facts prior to issuance of the Oral Ruling, attaching in support of this contention three different documents that were filed in the State Court prior to issuance of the Court's Oral Ruling.  According to the Debtor, because Plaza first asserted that the Debtor had waived its right to arbitration in its Abstention Reply, the Debtor had not yet had a chance to respond to this contention, and the Debtor "only entered into the Stipulated Motion" because only the Stay Motion was set for hearing.  (Mot. to Reconsider ¶ 4 and n.1.)  The Debtor also argues that reconsideration is warranted to prevent injustice and ensure that prior rulings of the State Court, which had previously stayed matters before the State Court to allow arbitration to proceed is preserved.

Not surprisingly, on July 1, 2026, Plaza filed Response to the Motion to Reconsider (Adversary Proceeding Docket No. 36, the "Reconsideration Response"), contesting the Debtor's contention that the Court should reconsider any portion of its Oral Ruling.  Plaza argues, generally, that the Debtor has not identified any new evidence or grounds for relief and further that the Debtor had agreed in the Stipulation, that the Court could rule on both the Stay Issues and the Abstention Issues based only on the documents filed.

At bottom, the Debtor's argument in the Motion to Reconsider is threefold: First, the Debtor argues that the Court made a mistake in ruling on the Abstention Motion without more facts.  Second, the Debtor argues that the Court should reconsider the Oral Ruling because *Plaza* failed to provide the Court with certain evidence prior to the Oral Ruling.  Third, the Debtor argues that reconsideration is warranted to prevent injustice and insure that the State Court's prior orders are preserved.  All of the Debtor's arguments fail.

### Applicable Legal Authority

When a motion to reconsider is timely under both Fed. R. Civ. P. 59(e) and

Fed. R. Civ. P. 60(b), the Court may consider the motion based on either Rule depending on the reasons expressed by the movant. *Commonwealth Prop. Advocates, LLC. v. Mortg. Elec. Registration Sys.*, Inc., 680 F.3d 1194, 1200 (10th Cir. 2011); *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005).

While Fed. R. Bankr. P. 9023 (which largely incorporates Fed. R. Civ. P. 59) requires that a party seek relief "within 14 days after the judgment is entered," a request for relief under Fed. R. Bankr. P. 9024 (which largely incorporates Fed. R. Civ. P. 60) must be brought within one year of judgment if under Fed. R. Civ. P. 60(b)(1) or may be made at "a reasonable time" after judgment if under Fed. R. Civ. P. 60(b)(6). The Debtor has complied with timeliness requirements.

Though the Rules contain differences other than timing, the burdens imposed upon the Debtor to obtain relief under both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b) are strikingly similar. "Like Rule 59(e), the movant bears the burden to establish Rule 60(b) relief," *Haws v. Medical Priority Consultants, Inc.*, 2021 WL 11636877, at *3 (D. Utah Jun. 21, 2021) (citation omitted) and relief under either rule is "'extraordinary and may be granted only in exceptional circumstances.'" *Id.* (citing *Garcia v. U.S. Atty. Gen.*, 2011 WL 167035, at *1 (D. Kan. Jan. 19, 2011), which quotes *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006)).

To succeed on a Fed. R. Civ. P. 59(e) motion, a party must show either "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997). Put another way, "[a] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. But, importantly, a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches*, 950 F. Supp. at 300 ("a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple' and make legal arguments that could have been raised before"). *See also U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) ("Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment.").

Similarly, Fed. R. Civ. P. 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Id.* at 1009. Fed. R. Civ. P. 60(b) provides, in relevant part:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable
> neglect; [or]
>
>  . . .
>
> (6) any other reason that justifies relief.

In *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996), the Tenth Circuit Court of Appeals held:

> Rule 60(b) is not intended to be a substitute for a direct appeal. *Morris v. Adams–Millis Corp.,* 758 F.2d 1352, 1356–57 (10th Cir.1985). Thus, as a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.

The Court of Appeals further explained:

> Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument. *Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) ("revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate."), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

The Court of Appeals characterized Fed. R. Civ. P. 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." *Cashner*, 98 F.3d at 579 (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975)), but was clear that trial courts may grant Rule 60(b)(6) motions "only in extraordinary circumstances and only when necessary to accomplish justice." *Id.* (citing *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 729 (10th Cir.1993)).

"At bottom, to succeed under either Rule 59(e) or Rule 60(b), [the Debtor] must show that the Court failed to apply the correct law, ignored a material fact, or relied on a process that was somehow flawed due to some unjust reason." *Haws*, 2021 WL 11636877, at *3.

6

**Discussion**

To the extent that the Debtor argues that the Court made a substantive mistake in construing the Stipulated Motion as waiving a right to a hearing on the Abstention Issues because only the Stay Motion was set for a hearing, the Debtor's argument is belied by the representations that the Debtor itself made in the Stipulated Motion. After all, the Debtor agreed in the Stipulated Motion that: (a) "The Motion for Relief from Stay, the Motion for Abstention, and the debtor's responses are intertwined and raise overlapping efficiency and forum-selection considerations" (Stip. Mot. ¶ 8); (b) "[T]he record is fully developed through the parties' briefing and attached exhibits"; (Stip. Mot. ¶ 8); and (c) "Considering both motions together on the papers will avoid duplicative hearings and the risk of inconsistent or piecemeal rulings on forum-selection and case-management issues, and will conserve judicial and party resources." (Stip. Mot. 9.) The Debtor did not request to provide a further response to the Abstention Reply, nor evidence on the Abstention Issue. Instead, the Debtor filed the Stipulated Motion requesting that the Court both enter an order vacating the preliminary hearing on the Stay Motion and "providing that the Court will consider and rule on (i) Plaza's Motion for Relief from Stay in Case No. 25-12313-TBM and (ii) Plaza's Motion for Abstention in Adv. Proc. No. 25-01334-TBM together ***based on the Parties' existing written filings and briefing, without further hearing***." (Stip. Mot. at 2 (emphasis added).) Because the Debtor itself requested that the Court rule on the Abstention Motion based on the papers, the Court did not make a substantive legal mistake by failing to consider additional existing facts that the *Debtor* chose not to present. And, to the extent that the Debtor made a mistake in entering into the Stipulated Motion, such mistake is not basis for relief under Fed. R. Civ. P. 59(e) or 60(b)(1). *See Cashner*, 98 F.3d at 577 ("Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts.").

To the extent that the Debtor argues that the Court should reconsider the Motion under Fed. R. Civ. P. 60(b)(6) because of "new facts and circumstances that were not before the Court prior to the Court issuing its ruling," such argument is easily dismissed. The State Court filings which the Debtor attaches as exhibits are all filings that were made well prior to the Court's Oral Ruling, and thus could have been presented by the Debtor. But the Debtor stipulated that the Court could issue a ruling on both the Abstention Motion and the Stay Motion based on the papers before it without such information. Such filings do not constitute new evidence such that the Court can revisit its ruling. *See Cashner*, 98 F.3d at 577 ("supporting facts which were available for presentation at the time of the original argument" are not new evidence); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991) (holding that revisiting issues already addressed "is not the purpose of a motion to reconsider" and "advancing new arguments or supporting facts which were otherwise available for presentation when the original [motion] was briefed is likewise inappropriate").

The Court is similarly unpersuaded by the Debtor's argument that the Court should reconsider the Oral Ruling to prevent injustice and preserve the State Court's pre-Petition Date ruling allowing arbitration to proceed. The Debtor was well aware of

such ruling prior to filing the Stipulated Motion, yet neglected to mention or present evidence of it prior to the Oral Ruling.  And, as Plaza correctly notes, the order to which the Debtor refers (Mot. to Reconsider Ex. B) relates to a stipulation between the Debtor and Freund & Freund Plumbing and Heating LLC.  (Reconsideration Response ¶ 5.)  Moreover, "Plaza was not a party to the stipulation, the arbitration never occurred because of the Debtor's bankruptcy filing, and the Debtor had every opportunity to arbitrate its claims against Plaza during the bankruptcy case" but waived such right, as discussed at length by the Court in the Oral Ruling.  Relief under Fed. R. Civ. P. 60(b)(6) is not "necessary to accomplish justice" under the circumstances.

### Order

For the reasons set forth above, the Court determines that the Debtor has not met its burden to establish a basis for relief under Fed. R. Civ. P. 59(e) or 60(b).  It is therefore,

ORDERED that the Motion to Reconsider is DENIED.

Dated this 15th day of July, 2026.

BY THE COURT:

Thomas B. McNamara
United States Bankruptcy Judge